## PRESUMPTION THAT EVIDENCE JUSTIFIED THE INSTRUCTION GIVEN.

Court of Appeals for Hamilton County.

ELIZA SAMUELS v. THE CINCINNATI TRACTION CO.

Decided, March 31, 1915.

*Charge of Court—Instruction as to Contributory Negligence Will be Presumed to Have Been Justified—Where Bill of Exceptions Contains Only Part of the Evidence.*

Where the bill of exceptions contains only a part of the evidence, and it is complained that the court erred in making any reference in its charge to the jury to the subject of contributory negligence as to which the pleadings tendered no issue, a reviewing court will presume that the evidence justified an instruction on that subject.

*George J. Slaline* and *Matthews & Matthews*, for plaintiff in error.

*Joseph Wilby*, contra.

ALLREAD, J.

The plaintiff below, who is also plaintiff in error, claims to have been injured while in the act of alighting from a street railway car. The negligence charged against the company is the premature starting of the car. The answer is a general denial. The trial resulted in a verdict and judgment for defendant.

The plaintiff took a bill of exceptions embodying the entire charge of the trial court, but only a small portion of the evidence. The only assignment of error urged by counsel in this court is that the trial court erred in charging the jury upon the subject of contributory negligence. It is not contended that the charge given is incorrect in the abstract, but it

is urged that it was improper for the court to charge upon that subject at all.

The bill of exceptions recites that "the plaintiff to maintain the issues on her part introduced the evidence of certain witnesses."

There is no statement of what the evidence on behalf of plaintiff tended to prove. It is not a conclusive presumption that the plaintiff's evidence was confined strictly to the averments of her petition; nor is it inconsistent with the record, that evidence may have been offered on behalf of plaintiff tending to raise an inference of contributory negligence.

The fact that the pleadings tender no issue upon contributory negligence is not the only test as to whether contributory negligence may become an issue for the consideration of the court and jury. In the very recent case of *The Rayland Coal Company* v. *McFadden, Admr.*, 90 O. S., 183, the law arising out of the cases of *Cincinnati Traction Company* v. *Forest*, 73 O. S., 1, and *Cincinnati Traction Company* v. *Stephens, Admr.*, 75 O. S., 171, is discussed, and the doctrine clearly established that notwithstanding the pleadings tender no issue of contributory negligence, yet if the evidence offered by plaintiff creates an inference of contributory negligence, the trial court is justified in instructing the jury upon the law of contributory negligence as applicable to the evidence so offered.

In the absence of a showing to the contrary, we are bound to presume that the evidence justified the charge of the trial court, for it is a principle constantly applied by reviewing courts that all reasonable presumptions consistent with the record under review must be indulged in favor of regularity and against error.

There being no error manifest upon the record, it follows that the judgment of the court of common pleas should be affirmed.

Ferneding, J., and Kunkle, J., concur.